PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

RECEIVED
FILED
JAN 15 2008
FEB 15 2008
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY CP          DEPUTY

DOCKET NUMBER *(Tran. Court)*
99 CR 380-5

DOCKET NUMBER *(Rec. Court)*
08 pt 7010 IEG

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DIVISION |
|---|---|
| Heddi Ille<br>2172 Via Robles<br>Oceanside, California   92054 | Eastern |

Illinois Northern

| NAME OF SENTENCING JUDGE |
|---|
| Joan B. Gottschall |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>July 22, 2004 | TO<br>July 21, 2009 |
|---|---|---|

**OFFENSE**

Conspiracy to Possess With Intent to Distribute Marijuana; in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section2.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE   "Northern District of Illinois "

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the **Southern District of California** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 2-22-06 | _____ |
|---|---|
| Date | United States District Judge |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern District of California

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

**FILED**

| 12/31/07 | FEB  8 2008 | _____ |
|---|---|---|
| Effective Date | | United States District Judge |

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**

FEB 11 2008

95



**MICHAEL W. DOBBINS**
CLERK

# UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

February 11, 2008

Mr. Sam Hamrick
Clerk
United States District Court
Edward J. Schwartz Federal Building,
  Suite 4290
880 Front Street
San Diego, CA 92101


Re: USA Heddi Ille
Case No: 99cr380-5

Dear Clerk:

Pursuant to Title 18, United States Code, Section 3653, Transfer of Jurisdiction of Probation, enclosed are the following document(s):

( ) Certified Copy Information
(X ) Certified Copy Indictment
(x ) Probation Form 22, Transfer of Jurisdiction
(x ) Judgment and Order of Probation
(x ) Certified Copy of Docket Entries

which I hereby certify are the originals filed in this court in the above cause.

Please acknowledge receipt of the above documents on the enclosed copy of this letter.



Michael W. Dobbins, Clerk

By: _____
Ellenore Duff, Deputy Clerk

AO 245B (3/95)  Sheet 1 – Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

NORTHERN —————————————————— ILLINOIS

District of —

UNITED STATES OF AMERICA

v.

HEDDI ILLE

**DOCKETED**
**JUL 0 6 2000**

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number:  99 CR 380-5

Robert G. Clarke
Defendant's Attorney

## THE DEFENDANT:

[X] pleaded guilty to count(s) __One__

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C 846 and 18 U.S.C 2 | Conspiracy to Possess with Intent to Distribute Marijuana | 5/99 | One |

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By _____

DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
2-11-08
DATE

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth.: September 16, 1966

Defendant's USM No.: 10501-424

Defendant's Residence Address:

391 Pismo Bay Court

Oceanside, California 90253

Date of Imposition of Judgment

June 19, 2000

Signature of Judicial Officer

Joan B. Gottschall
District Court Judge

Name and Title of Judicial Officer

Defendant's Mailing Address:

391 Pismo Bay Court

Oceanside, California 90253

Date

AO 245B (3/95)  Sheet 2 – Imprisonment

Judgment – Page __2__ of __6__

**DEFENDANT:** HEDDI ILLE
**CASE NUMBER:** 99 CR 380-5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___73 months to run concurrent with remainder of sentence imposed in California state court, and shall begin date of imposition of judgment___

The Court recommends that defendant participate in comprehensive drug and counseling.  The Court recommends that defendant's federal sentence be served in any state institution for any period of time held in state custody.

☒ The court makes the following recommendations to the Bureau of Prisons: that defendant be designated in Dublin FCI in California.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (3/95) Sheet 3 - Supervised Release

DEFENDANT: HEDDI ILLE
CASE NUMBER: 99 CR 380-5

Judgment - Page ___3___ of ___6___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  five (5) years

The Court recommends that defendant participate in a drug aftercare program at the direction of the Probation.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

      If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

      The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (3/95) Sheet 5, Part A – Criminal Monetary Penalties

DEFENDANT: HEDDI ILLE
CASE NUMBER: 99 CR 380-5

Judgment – Page _____4_____ of _____6_____

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | $ N/A | $ 5,000.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement ......... $_____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Michelle Brown – Victim 438 Prospect Ave., Hermosa Beach, CA 90254 | $5000.00 | $5,000.00 | 100 |

**Totals:** $ _____ $ _____

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses

AO 245B (3/95)  Sheet 5, Part B – Criminal Monetary Penalties

Judgment – Page __5__ of __6__

**DEFENDANT:** HEDDI ILLE
**CASE NUMBER:**  99 CR 380-5

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; ~~(3) fine principal; (4) cost of prosecution;~~ ~~(5) interest; (6) penalties.~~

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  ☒  In full immediately;  or

**B**  ☐  $ _____ immediately, balance due (in accordance with C, D, or E);  or

**C**  ☐  not later than _____ ;  or

**D**  ☐  in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate;  or

**E**  ☐  in _____ *(e.g., equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

Restitution in the amount of $5,000.00 is required to paid to Michelle Brown 438 Prospect AVe., Hermosa Beach, CA 90254 , to be paid from any earnings made in accordance with the Bureau of Prison's Inmate Financial Responsibil: Program.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (3/95) Sheet 6 – Statement of Reasons

**DEFENDANT:** HEDDI ILLE
**CASE NUMBER:** 99 CR 380-5

Judgment – Page __6__ of __6__

# STATEMENT OF REASONS

[XX] The court adopts the factual findings and guideline application in the presentence report.

## OR

[ ] The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):

## Guideline Range Determined by the Court :

Total Offense Level: _____25_____

Criminal History Category: ____VI____

Imprisonment Range: ___110___ to ___137___ months

Supervised Release Range: ___4___ to ___5___ years

Fine Range: $ __10,000__ to $ __2,000,000__

[XX] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __5,000.00__

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## ── OR ──

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

## OR

[X] The sentence departs from the guideline range:

    [X] upon motion of the government, as a result of defendant's substantial assistance.

    [ ] for the following specific reason(s):

FILED

UG 17 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

OMAR HERNANDEZ,
GUADALUPE SANDOVAL-CENIZEROS,
  also known as
  "Hector Roman-Lopez", and
HEDDI ILLE, also known as
  "Michelle Brown"

No. 99 CR 380

Violations: Title 21, United
States Code, Sections 841(a)(1)
and 846; and Title 18, United
States Code, Section 2

JUDGE GOTTSCHALL

FILED

AUG 17 1999

COUNT ONE

MAGISTRATE JUDGE IAN H. LEVIN
UNITED STATES DISTRICT COURT

The SPECIAL JANUARY 1999-2 GRAND JURY charges:

1. From on or about May 10, 1999, and continuing through May 19, 1999, at Lyons, in the Northern District of Illinois, and elsewhere,

OMAR HERNANDEZ,
HEDDI ILLE also known as
"Michelle Brown," and
GUADALUPE SANDOVAL-CENIZEROS also known as
"Hector Roman-Lopez,"

defendants herein, conspired and agreed with each other and with others, known and unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute in excess of 100 kilograms of marijuana, a Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. It was part of the conspiracy that in or about May 1999, defendant HEDDI ILLE a/k/a "Michelle Brown" agreed to transport approximately 725 pounds of marijuana by truck from Texas to Chicago, Illinois, in exchange for payment.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By _____
DEPUTY CLERK
U.S. DISTRICT COURT. NORTHERN
DISTRICT OF ILLINOIS

DATE: 2-11-08

3.   It was further part of the conspiracy that defendant HEDDI ILLE agreed and arranged to contact defendant OMAR HERNANDEZ when she arrived in the Chicago area with the load of marijuana.

4.   It was further part of the conspiracy that on or about May 16, 1999, defendant HEDDI ILLE transported approximately 725 pounds of marijuana in a truck from El Paso, Texas to a border control checkpoint in Sierra Blanco, Texas, and was going to deliver the truck to Chicago, Illinois.

5.   It was further part of the conspiracy that on or about May 16, 1999, defendant HEDDI ILLE hired a tow truck driver to tow the truck containing the marijuana through the border control checkpoint in Sierra Blanco, Texas, even though the truck containing the marijuana was in working condition.

6.   On May 16, 1999, after a search of her truck revealed approximately 725 pounds of marijuana, defendant HEDDI ILLE was arrested by United States Border Patrol officials at the border control checkpoint in Sierra Blanco, Texas.  After her arrest, Heddi Ille agreed to cooperate with agents of the Drug Enforcement Administration and admitted that she had been instructed to deliver the marijuana to individuals in the Chicago area.  Heddi Ille further agreed to assist the Drug Enforcement Administration in a controlled delivery of the marijuana to these individuals in the Chicago area.

7.   It was further part of the conspiracy that on May 19, 1999, after Heddi Ille contacted defendant OMAR HERNANDEZ and informed him that she was in the Chicago area, defendant OMAR

2

HERNANDEZ instructed Heddi Ille to meet him in the parking lot of a Brown's Chicken which was located in Lyons, Illinois. Heddi Ille and defendant OMAR HERNANDEZ subsequently met in the parking lot and defendant OMAR HERNANDEZ instructed Heddi Ille to obtain a room at the Chicagoland Motel.

8.    It was further part of the conspiracy that on May 19, 1999, defendant OMAR HERNANDEZ met with Heddi Ille at the Chicagoland Motel on at least two occasions. During one of these meetings, defendant OMAR HERNANDEZ told Heddi Ille that he had some of her payment now and that she would receive the rest of her payment after the marijuana had been delivered.

9.    It was further part of the conspiracy that defendant OMAR HERNANDEZ obtained the keys to the truck containing the marijuana from Heddi Ille.

10.    It was further part of the conspiracy that on May 19, 1999, after meeting with Heddi Ille, defendant OMAR HERNANDEZ met with defendant GUADALUPE SANDOVAL-CENIZEROS a/k/a "Hector Roman-Lopez" and Individuals A and B in a parking lot of a bar located near the intersection of Clarence and Pershing streets.

11.    It was further part of the conspiracy that after meeting with defendant GUADALUPE SANDOVAL-CENIZEROS and Individuals A and B, defendant OMAR HERNANDEZ drove defendant GUADALUPE SANDOVAL-CENIZEROS back to the parking lot of the Chicagoland Motel.

12.    It was further part of the conspiracy that when defendant OMAR HERNANDEZ and defendant GUADALUPE SANDOVAL-CENIZEROS arrived at the parking lot of the Chicagoland Motel, defendant

3

GUADALUPE SANDOVAL-CENIZEROS got in the truck containing the marijuana and transported the truck to another location.

13.    It was further part of the conspiracy that after defendant GUADALUPE SANDOVAL-CENIZEROS drove the truck out the Chicagoland Motel parking lot, defendant OMAR HERNANDEZ met up with Individuals A and B and loaded a box containing a large scale into the van being driven by Individuals A and B.

14.    It was further part of the conspiracy that defendant OMAR HERNANDEZ and Individuals A and B drove together to another location in the van containing the scale.

15.    It was further part of the conspiracy that defendant GUADALUPE SANDOVAL-CENIZEROS obtained the key which unlocked the padlock on the truck where the marijuana was concealed.

16.    It was further part of the conspiracy that defendants HEDDI ILLE, OMAR HERNANDEZ and GUADALUPE SANDOVAL-CENIZEROS would and did hide, misrepresent, conceal, and cause to be misrepresented, concealed, and hidden, the purposes of acts done in furtherance of the conspiracy, and would and did use means to avoid detection and apprehension by law enforcement authorities;

In violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

4

## COUNT TWO

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

On or about May 19, 1999, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

OMAR HERNANDEZ, and
GUADALUPE SANDOVAL-CENIZEROS also known as
"Hector Roman-Lopez,"

defendants herein, knowingly and intentionally did possess with intent to distribute more than 100 kilograms of marijuana, a Schedule I Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

5

No. 99 CR 380

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

OMAR HERNANDEZ, GUADALUPE SANDOVAL-
CENIZEROS, aka Hector Roman-Lopez, and HEDDI ILLE,
aka Michelle Brown

## I N D I C T M E N T

Title 21, United States Code, Sections 841(a)(1)) and 846;
Title 18, United States Code, Section 2

A true bill,

_Willa Osterman_
                                              Foreman

Filed in open court this _____ day

AUG 17 1999 A.D. 19 ____

_Shirla Huppie, deputy clerk_

MICHAEL W. DOBBINS, Clerk

Bail, $ _____

ASHMAN, TERMED

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
# CRIMINAL DOCKET FOR CASE #: 1:99-cr-00380-5
# Internal Use Only

Case title: USA v. Hernandez, et al

Date Filed: 05/20/1999
Date Terminated: 06/19/2000

Assigned to: Hon. Joan B. Gottschall

## Defendant

**Heddi Ille** (5)
*TERMINATED: 06/19/2000*
*also known as*
Michelle S Brown

represented by **Robert G. Clarke**
Attorney at Law
30 West Monroe
Suite 710
Chicago, IL 60603
(312) 332-3101
*TERMINATED: 06/19/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Sergio Fidel Rodriguez**
Federal Defender Program
55 East Monroe Street
Suite 2800
Chicago, IL 60603
(312) 621-8300
*TERMINATED: 06/19/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or
Community Defender Appointment*

## Pending Counts

21:846=MP.F CONSPIRACY TO
POSSESS MARIJUANA and 18:2 AID
AND ABET
(1)

## Disposition

The defendant is hereby committed to
the custody of the United States Bureau
of Prisons to b eimp[risonsed for a total
term of seventy-three (73) months to run
concurrent with remainder fo sentence
imposed in California State COurt, and
shall begin d ate of imposition of

judgment. The defendant is remanded to the custody of the United STtaes Marshal. Upon release from imprisonment the defendant shall be on supervised release for a term of five (5) years. The defendant shall make restitution in th e total following amount of $5,000.00. Schedule fo payments. Statement of reasons.

## Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| None | |

## Highest Offense Level (Terminated)

None

| Complaints | Disposition |
|---|---|
| None | |

## Plaintiff

| United States of America | represented by | Reid J Schar |
|---|---|---|

United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: reid.schar@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**AUSA**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: USAILN.ECFAUSA@usdoj.gov
*TERMINATED: 04/19/2004*
*ATTORNEY TO BE NOTICED*

**Pretrial Services**

435-5545
Email:
ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov
*ATTORNEY TO BE NOTICED*

**Probation Department**

408-5197
Email: Intake_Docket_ILNP@ilnp.uscourts.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/1999 | 1 | COMPLAINT Hon. Martin C. Ashman (kmt) (Entered: 05/24/1999) |
| 05/20/1999 | | DEFENDANTS Omar E Hernandez, Martin Pena, Alfonso Pena, Hector A Roman-Lopez, Michelle S Brown arrested (kmt) (Entered: 05/24/1999) |
| 05/20/1999 | 6 | ORDER appointing counsel as to defendant Michelle S Brown (kmt) (Entered: 05/24/1999) |
| 05/20/1999 | 7 | MINUTE ORDER of 5/20/99 by Hon. Martin C. Ashman as to defendant Michelle S Brown : Initial appearance proceedings of Michelle S Brown held. Defendant Defendant appears in resonse to arrest on 5/20/99. Defendant informed of her rights. Enter order appointing attorney Sergio Fidel Rodriguez to represent defendant for initial appearance proceedings only. Detention hearing and preliminary examination hearing set for 5/21/99 at 11:00 a.m. No notice (kmt) (Entered: 05/24/1999) |
| 05/21/1999 | 9 | ORDER by Hon. Martin C. Ashman setting conditions of release for Michelle S Brown in the amount of $4,500.00 own recognizance Condition 7(e): yes (For further detail see order.) (kmt) (Entered: 05/27/1999) |
| 05/21/1999 | 10 | BOND ( $4,500.00 OWN RECOGNIZANCE) by Michelle S Brown (kmt) (Entered: 05/27/1999) |
| 05/21/1999 | 11 | MINUTE ORDER of 5/21/99 by Hon. Martin C. Ashman as to defendant Michelle S Brown : Detention hearing held and concluded. Defendant waives her right to preliminary examination. Enter a finding of probable cause; order defendant bound to the U.S. District Court for further proceedings. No notice (kmt) (Entered: 05/27/1999) |
| 05/21/1999 | 12 | APPEARANCE of Attorney for Michelle S Brown by Robert G. Clarke (kmt) (Entered: 05/27/1999) |
| 05/21/1999 | 13 | FINANCIAL AFFIDAVIT of defendant Michelle S Brown (kmt) (Entered: 05/27/1999) |

| 05/25/1999 | 21 | CJA Form 20 Copy 4 (Appointment of Counsel) for Michelle S Brown Robert Clarke (kmt) (Entered: 05/27/1999) |
|---|---|---|
| 08/17/1999 | | (Court only) Modification Case reassigned to to Hon. Joan B. Gottschall (kmt) (Entered: 08/18/1999) |
| 08/17/1999 | 31 | INDICTMENT Counts filed against Omar E Hernandez (1) count(s) 1, 2, Guadalupe Sandoval-Cenizeros (4) count(s) 1, 2, Heddi Ille (5) count(s) 1 (kmt) (Entered: 08/19/1999) |
| 08/17/1999 | 32 | DESIGNATION SHEET FELONY Category 3 (kmt) (Entered: 08/19/1999) |
| 08/17/1999 | 33 | MINUTE ORDER of 8/17/99 by Hon. Ian H. Levin as to Omar E Hernandez, Guadalupe Sandoval-Cenizeros, Heddi Ille : No bond set; detained by magistrate as to Omar Hernandez and Guadalupe Sandoval-Cenizeros, grnated. Bond set by magistrate to stand as bond in this instance as to Heddi Ille, granted. Enter order. notice (kmt) (Entered: 08/19/1999) |
| 08/17/1999 | 35 | MOTION by USA to dismiss complaint without prejudice (kmt) (Entered: 08/20/1999) |
| 08/19/1999 | 34 | ARRAIGNMENT NOTICE: Before Hon. Joan B. Gottschall as to Omar E Hernandez, Guadalupe Sandoval-Cenizeros, Heddi Ille : Arraignment and plea set for 8/23/99 at 9:30 a.m. Mailed notice (kmt) (Entered: 08/19/1999) |
| 08/23/1999 | 38 | MINUTE ORDER of 8/23/99 by Hon. Joan B. Gottschall as to Heddi Ille : Arraignment reset to 08/31/99 at 10:30 a.m. Mailed notice (pmp) (Entered: 08/23/1999) |
| 08/23/1999 | 40 | PETITION for Writ of Habeus Corpus Ad Prosequendum by USA (emd) (Entered: 08/24/1999) |
| 08/23/1999 | 41 | MINUTE ORDER of 8/23/99 by Hon. Joan B. Gottschall as to Heddi Ille : Order Writ of Habeas Corpus Ad Prosequendum to issue as to Heddi Ille. Returnable 8/31/99. re [40-1] (Entered Order) Mailed notice (emd) (Entered: 08/24/1999) |
| 08/23/1999 | | WRIT issued, original and three copies, to U.S. Marshal as to Heddi Ille. (emd) (Entered: 08/24/1999) |
| 09/01/1999 | 42 | PETITION for Writ of Habeus Corpus Ad Prosequendum as to defendant Heidi Ille by USA (kmt) (Entered: 09/02/1999) |
| 09/01/1999 | 43 | MINUTE ORDER of 9/1/99 by Hon. Joan B. Gottschall as to defendant Heddi Ille : Order writ of habeas corpus ad prosequendum to issue as to Heddie Ille also known as "Michelle Brown". [42-1]. Returnable 9/16/99. Arraignment set for 9/26/99 at 9:30 a.m. (Entered order.) Mailed notice (kmt) (Entered: 09/02/1999) |

| 09/01/1999 | | WRIT of habeaus corpus ad prosequendum as to defendant Heddi Ille issued to U.S. Marshal (kmt) (Entered: 09/02/1999) |
|---|---|---|
| 09/10/1999 | 45 | PETITION for Writ of Habeas Corpus Ad Prosequendum by Heddi Ille (pmp) (Entered: 09/13/1999) |
| 09/10/1999 | 46 | MINUTE ORDER of 9/10/99 by Hon. Joan B. Gottschall as to Heddi Ille : Order writ of habeas corpus ad prosequendum is issued as to Heddi Ille also known as " Michelle Brown". Returnable 09/23/99. [45-1] Arraignment is set for 09/23/99 at 10:30 a.m. (Enter Order) Mailed notice (pmp) Modified on 09/13/1999 (Entered: 09/13/1999) |
| 09/10/1999 | | WRIT issued as to Heddi Ille (pmp) (Entered: 09/13/1999) |
| 10/08/1999 | 47 | MINUTE ORDER of 10/8/99 by Hon. Joan B. Gottschall as to Heddi Ille : Arraignment held. Defendant Heddi Ille enters a plea of not guilty to all counts. Defendant Heddie Ille does not seek bail determination at this time. Defenant Heddi Ille's appearance is waived at said status. Oral motion of Paul Wagner [0-1] to withdraw as counsel for Omar Hernandez is granted. A representative on behalf of John DeLeon filed on appearance on behalf of Omar Hernandez. Schedule changed as to defendants Hernandez (1), Sandoval-Cenizeros (2) and set as to Ille (5). Pretrial motion to be filed by 11/12/99. Response due 11/19/99. Reply 11/26/99. Ruling by 12/26/99 by mail. Status hearing set for 11/05/99 at 9:30 a.m. is stricken and reset to 10/22/99. Jury trial set for 01/17/2000 at 9:00 a.m. to stand. Order excluded through 12/26/99 pursuant to 18 U.S.C. 3161(h)(1)(F). Mailed notice (pmp) (Entered: 10/12/1999) |
| 10/22/1999 | 49 | MINUTE ORDER of 10/22/99 by Hon. Joan B. Gottschall as to Omar E Hernandez, Martin Pena and Heddi Ille : Status uhearing held and continued to 11/19/99 at 9:30 a.m. Pursuant to the provisions of the Speedy Trial Act time is excluded in the interest of the parties plea negotiations 18:3161(h)(8)(A)(B). Mailed notice (pmp) (Entered: 10/25/1999) |
| 11/19/1999 | 50 | MINUTE ORDER of 11/19/99 by Hon. Joan B. Gottschall as to defendant Heddi Ille : Status hearing held; continued to 12/10/99 at 9:00 a.m. Mailed notice (kmt) (Entered: 11/26/1999) |
| 12/10/1999 | 55 | MINUTE ORDER of 12/10/99 by Hon. Joan B. Gottschall as to Heddi Ille : Status hearing held. Maile notice (pmp) (Entered: 12/13/1999) |
| 01/07/2000 | 59 | MINUTE ORDER of 1/7/00 by Hon. Joan B. Gottschall as to defendant Heddi Ille : Change of plea hearing reset to 1/18/00 at 10:30 a.m. Pursuant to the provisions of the Speedy Trial Act time is excluded 18:3161(h)(8)(B)(i). Mailed notice (kmt) (Entered: 01/10/2000) |
| 01/18/2000 | 62 | MINUTE ORDER of 1/18/00 by Hon. Joan B. Gottschall as to defendant Heddi Ille : Change of plea hearing held. Defendant Heddi Ille enters guilty plea to count 1 of the indictment. Judgment of guilty entered. Order presentence investigation report. Any objections and/or motions for |

| | | departure are due on or before 4/10/00. Responses are due on or before 4/17/00. Sentencing set for 5/5/00 at 10:30 a.m. Mailed notice (kmt) (Entered: 01/19/2000) |
|---|---|---|
| 01/18/2000 | 63 | PLEA Agreement as to Heddi Ille (kmt) (Entered: 01/19/2000) |
| 05/03/2000 | 68 | MINUTE ORDER of 5/3/00 by Hon. Joan B. Gottschall as to defendant Heddi Ille : Sentencing set for 5/5/00 at 10:30 a.m. is stricken and reset to 5/22/00 at 10:30 a.m. Pursuant to request made by the defendant's counsel. Mailed notice (kmt) (Entered: 05/04/2000) |
| 05/22/2000 | 70 | MINUTE ORDER of 5/22/00 by Hon. Joan B. Gottschall as to defendant Heddi Ille : Sentencing held; continued to 6/8/00 at 3:00 p.m. Mailed notice (kmt) (Entered: 05/26/2000) |
| 06/09/2000 | 72 | MINUTE ORDER of 6/9/00 by Hon. Joan B. Gottschall as to defendant Heddi Ille : Sentencing is continued to 6/19/00 at 2:00 p.m. Both parties are required to file position papers as to issues discussed in open court; defendant's brief is due by 6/13/00. Government's brief is due 6/15/00. Mailed notice (kmt) (Entered: 06/12/2000) |
| 06/13/2000 | 73 | SECOND ADDENDUM to sentencing argument by Heddi Ille (kmt) (Entered: 06/19/2000) |
| 06/16/2000 | 74 | RESPONSE by plaintiff to defendant Ille's sentencing argument [73-1]; Notice (kmt) (Entered: 06/19/2000) |
| 06/19/2000 | 75 | MINUTE ORDER of 6/19/00 by Hon. Joan B. Gottschall as to defendant Heddi Ille : Sentencing hearing held and concluded. The court appoints Robert G. Clarke as counsel for defendant nunc pro tunc to the date of her arrest. No notice (kmt) (Entered: 07/06/2000) |
| 06/19/2000 | 76 | SENTENCING ORDER of 6/19/00 by Hon. Joan B. Gottschall : Sentencing Heddi Ille (5) count(s) 1. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of seventy-three (73) months to run concurrent with remainder of sentence imposed in California State Court, and shall begin date of imposition of judgment. The defendant is remanded to the custody of the United States Marshal. Upon release from imprisonment the defendant shall be on supervised release for a term of five (5) years. The defendant shall make restitution in the total following amount of $5,000.00. Schedule of payments. Statement of reasons. Mailed notice (kmt) (Entered: 07/06/2000) |
| 07/05/2000 | 77 | FINANCIAL AFFIDAVIT of defendant Heddi Ille (kmt) (Entered: 07/06/2000) |
| 07/06/2000 | | JUDGMENT and Commitment as to defendant Ille issued to U.S. Marshal (kmt) (Entered: 07/06/2000) |
| 04/19/2004 | 81 | DESIGNATION OF ATTORNEY Reid J Schar as US Attorney (emd) (Entered: 04/20/2004) |

| 03/08/2006 | ●87 | MINUTE entry before Judge Joan B. Gottschall as to Heddi Ille: Pursuant to Probation Officer's Special Report dated 2/9/2006, Defendant is permitted to travel outside of the United States to Ensenada Mexico from 3/31/06 through 3/31/06. Mailed notice (las, ) (Entered: 03/08/2006) |
| --- | --- | --- |
| 04/02/2007 | ●92 | RELEASE OF JUDGMENT LIEN by United States of America as to Heddi Ille (Childs, Melissa) (Entered: 04/02/2007) |
| 02/08/2008 | ●95 | PROBATION Jurisdiction Transferred to USDC SD/CA as to Heddi Ille Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet by certified mail no 7007 0710 0003 4410 4329. (emd, ) (Entered: 02/11/2008) |

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By _____
        DEPUTY CLERK
U.S. DISTRICT COURT NORTHERN
    DISTRICT OF ILLINOIS

DATE: _____2-11-08_____